IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KEITH THARPE,                                    :
                                                 :
                    Petitioner                   :
                                                 :
          VS.                                    :
                                                 :        NO. 5:10-CV-433 (CAR)
CARL HUMPHREY, Warden,                           :
                                                 :
                    Respondent                   :
_____ :

# <u>ORDER</u>

Pursuant to the February 25, 2011 Scheduling Order (ECF No. 24), the parties have briefed the issues of procedural default and exhaustion.

## I.   PROCEDURAL DEFAULT AND EXHAUSTION

The procedural default rule provides that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994). Thus, the procedural default rule comes into play in two contexts. First, if a petitioner fails to exhaust his state remedies by neglecting to raise an issue on appeal or in any state habeas petition, and "it is obvious the unexhausted claim would be procedurally barred in state court due to a state-law procedural default," the federal court will treat the

issue as procedurally defaulted.  *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998); *Putman v. Turpin*, 53 F. Supp. 2d 1285, 1292 (M.D. Ga. 1999), *aff=d*, 268 F.3d 223 (11th Cir. 2001)(explaining that Awhen it is clear that the unexhausted claims would be barred in state court due to a state-law procedural default, federal courts xcan . . . treat those claims now barred by state law as no basis for federal habeas relief=@ (quoting *Snowden*, 135 F.2d at 736).  Second, the procedural default rule also provides that A[f]ederal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief.@  *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996) (citing *Harris v. Reed*, 489 U.S. 255 (1989)); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (explaining that A[t]he [adequate and independent state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner=s federal claims because the prisoner had failed to meet a state procedural requirement@; *Conner v. Hall*, No. 10-10928, 2011 U.S. App. LEXIS 13793 (11th Cir. July 7, 2011).

A federal court cannot review a procedurally defaulted claim Aunless a petitioner can show cause for the failure to properly present the claim and actual prejudice, or that the failure to consider the claim would result in a fundamental miscarriage of justice.@  *Conner*, 2011 U. S. App. LEXIS 13793 at *23 (citing *Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977)).

2

A finding of cause "must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule." *Putman*, 53 F. Supp. 2d at 1292 (citing *Murray v. Carrier*, 477 U.S. 478 (1986)).   If a petitioner relies on cause to excuse a procedural default, he must also show actual prejudice.   Because a petitioner must show both, "a finding by the court that one prong has not been met alleviates the need to analyze the claim under the other prong." *Id*. (citing *United States v. Frady*, 456 U.S. 152, 167-75 (1982)).   In relation to prejudice, courts have explained that a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *Ward v. Hall*, 592 F.3d 1144, 1178 (11th Cir. 2010).

Finally, "in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." *Jones v. Campbell*, 436 F.3d 1285, 1304 (2006) (citing *Murray v. Carrier*, 477 U.S. 478 (1986)).   The Eleventh Circuit has stated as follows regarding what is necessary to prove a fundamental miscarriage of justice:

> To excuse a default of a guilt-phase claim under [the fundamental miscarriage of justice] standard, a petitioner must prove "a constitutional violation [that] has probably resulted in the conviction of one who is actually innocent." To gain review of a sentencing-phase claim based on manifest injustice, a petitioner must show that "but for constitutional error at his sentencing hearing, no reasonable juror

could have found him eligible for the death penalty under [state] law.@

*Hill*, 81 F.3d at 1023 (citations omitted).

The United States Supreme Court explained that when a Petitioner maintains that a miscarriage of justice due to Aactual innocence@ will result from a district court's failure to review a procedurally defaulted claim, the court Amust first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default.@ *Dretke v. Haley*, 541 U.S. 386, 394 (2004).   AThis sequencing requirement was designed by the Supreme Court as a means of avoiding the >threshold legal questions that often accompany claims of actual innocence= when a default can be excused on some simpler ground or full relief can be granted on a nondefaulted claim.@ Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* ▪ 26.4 (6th ed. 2011)(quoting *Dretke*, 541 U.S. at 394).

Petitioner asserts that Aeven if the Court finds [Petitioner=s] claims to be defaulted and that [Petitioner] has not established adequate cause for the default and actual prejudice, the merits of a defaulted claim must still be heard when not to would present a fundamental miscarriage of justice.@ (Pet'r Br. at 2, ECF No. 29).  To any extent that Petitioner maintains a miscarriage of justice due to Aactual innocence,@ he has not shown such at this stage.   However, the Court will, in accordance with *Dretke*, delay ruling on the issue until it has reviewed both Petitioner and Respondent=s briefs on the nondefaulted

4

claims and made its determination regarding these claims.

## II.   PROCEDURAL DEFAULT AND EXHAUSTION ISSUES RELATING TO PETITIONER≠S CLAIMS FOR RELIEF

### A.   Claims that Respondent alleges are not exhausted

Respondent maintains that the following claims, contained in the Petition for Writ of

Habeas Corpus by a Person in State Custody, are not exhausted:

In a **portion of Claim One** of the instant petition, Petitioner alleges ineffective assistance of counsel in that trial counsel failed adequately to challenge the trial court's allegedly improper excusal of unspecified jurors for hardship reasons, failed adequately to challenge the trial court's allegedly improper voir dire of potential jurors and failed adequately to challenge the district attorney≠s (sic) allegedly improper voir dire;

In a **portion of Claim One** of the instant petition, Petitioner alleges ineffective assistance of counsel in that counsel failed to be adequately aware of relevant law which would have enabled counsel to make proper and timely objections;

In a **portion of Claim Two** of the instant petition, Petitioner alleges that the prosecution improperly used its peremptory strikes to systematically exclude jurors on the basis of gender;

In a **portion of Claim Two** of the instant petition, Petitioner alleges that the jury bailiff≠s (sic) and/or sheriff≠s deputies and/or other State agents who interacted with jurors engaged in improper communications with jurors which deprived Petitioner of a fair trial and reliable sentencing;

In a **portion of Claim Three** of the instant petition, Petitioner alleges juror misconduct in that there was improper communication with jury bailiffs;

In a **portion of Claim Four** of the instant petition, Petitioner alleges that the trial court erred in failing to strike for cause juror Robin Knight whose sister and brother-in-law had been murdered and several of whose family members were in law enforcement;

In a **portion of Claim Four** of the instant petition, Petitioner alleges that the trial court erred in phrasing his voir dire questions in a manner which suggested to jurors who gave neutral responses that they were or should be in favor of the death penalty;

In a **portion of Claim Four** of the instant petition, Petitioner alleges that the

trial court erred in his rulings on motions to challenge prospective jurors for cause based on their stated biases;

In a **portion of Claim Four** of the instant petition, Petitioner alleges that the trial court engaged in improper voir dire;

In a **portion of Claim Four** of the instant petition, Petitioner alleges that the trial court erred in failing to grant Petitioner=s motion for mistrial on the basis of evidence that the Sheriff=s Department had sought to bring pro-death venire members to court for voir dire;

In a **portion of Claim Four** of the instant petition, Petitioner alleges that the trial court erred in failing to curtail the State=s burden shifting argument on its own motion and failed to grant the defense motion for mistrial following such argument;

In a **portion of Claim Four** of the instant petition, Petitioner alleges that the trial court erred in failing to require the State to disclose certain items of unspecified evidence of an exculpatory or impeaching nature to the defense;

In a **portion of Claim Five** of the instant petition, Petitioner alleges that the trial court erred in failing to give a voluntary manslaughter charge to the jury despite evidence which allegedly could have been found consistent with provocation; and

In a **portion of Claim Seven** of the instant petition, Petitioner alleges that the proportionality review performed by the Georgia Supreme Court is constitutionally infirm in general and as applied.

(Answer-Response on Behalf of Resp=t to Petition for Writ of Habeas Corpus at 9-10, ECF No. 9).

In response to these allegations of nonexhaustion, Petitioner withdrew all of the claims except two that are contained in portions of Claims Three and Four of the current federal habeas corpus petition.   (Reply to Resp't Answer-Response at 3, ECF No. 22). First, Petitioner states that in his direct appeal he raised the portion of Claim Four regarding whether the trial court erred in failing to grant his motion for mistrial on the basis of evidence that the Sheriff=s Department sought to bring pro-death venire members to court for voir dire.   A review of the record reveals that Petitioner did make this claim in

6

his Brief of Appellant and Enumeration of Errors on direct appeal to the Georgia Supreme Court.   (Resp=t Ex. 21 at 19-20, ECF No. 12-6).   Moreover, the Georgia Supreme Court addressed this issue and upheld the trial court's decision to deny Petitioner=s motion for mistrial.   *Tharpe v. State*, 262 Ga. 110, 111 (1992).   Therefore, this issue has been exhausted.

Second, with respect to claims alleging that the jurors participated in unauthorized communications with bailiffs, sheriff=s deputies, and other State Agents (a portion of Claim Three), Petitioner states that he raised these issues in his Consolidated First Amended Petition for Writ of Habeas Corpus.   (Reply to Resp=t Answer/Response at 3, ECF No. 22). The record reveals that Petitioner, during his state habeas proceedings, did allege that jurors engaged in Aimproper communications with third parties.@   (Resp=t Ex. 36 at 16, ECF No. 13-8).    The state habeas court found this claim to be procedurally defaulted.   (Resp=t Ex. 107 at 5, ECF No. 19-10).

In conclusion, the only claim listed above that may be reviewed by this Court is the portion of Claim Four in which Petitioner alleges that the trial court erred in failing to grant his motion for mistrial on the basis of evidence that the Sheriff=s Department had sought to bring pro-death venire members to court for voir dire.   The other claims were either withdrawn by Petitioner or, in the case of Petitioner=s allegations of the jurors' improper communications, procedurally defaulted.

**B.   Claims that Respondent maintains are procedurally defaulted**

Respondent bears the burden of demonstrating that a procedural default has occurred. ***Gordon v. Nagles***, 2 F.3d 385, 388 n.4 (11th Cir. 1993). Respondent alleges that numerous portions of Claims Two, Three, and Four are procedurally defaulted. (Answer-Response on Behalf of Resp=t to Petition for Writ of Habeas Corpus at 12-16, ECF No. 9). To support some of these assertions, Respondent provides specific cites to the voluminous record. Specifically, Respondent has shown exactly where in the record the state court found the following claims were procedurally defaulted: (1) the portion of Claim Two in which Petitioner alleges that the State suppressed information favorable to the defense at both phases of the trial (Resp=t Ex. 107 at 5, ECF No. 19-10); (2) the portion of Claim Two in which Petitioner alleges that the State unconstitutionally interfered with the defense investigation of Petitioner=s case (Resp=t Ex. 107 at 6, ECF No. 19-10); (3) the portion of Claim Two in which the Petitioner alleges that State refused to allow Petitioner full pretrial discovery of information (Resp=t Ex. 107 at 6, ECF No. 19-10); (4) Claim Three, wherein Petitioner alleges various juror misconduct (Resp=t Ex. 107 at 5, 98-104, ECF No. 19-10); (5) the portion of Claim Four in which Petitioner alleges that the trial court failed to ensure that Petitioner=s jury was sequestered in such a way as to avoid contact with prejudicial publicity and hostility to the defendant, and to avoid communications with third parties (Resp=t Ex. 107 at 6, ECF No. 19-10); (6) the portion of Claim Four in which Petitioner alleges that the trial court improperly allowed prejudicially excessive and

unnecessary security measures (Resp≠t Ex. 107 at 6, ECF No. 19-10); and (7) the portion of Claim Four in which the Petitioner alleges that the trial court failed to strike for cause several venirepersons whose attitudes towards the death penalty would have prevented or substantially impaired their performance as jurors (Resp≠t Ex. 107 at 5-6, ECF No. 19-10).

The Court has reviewed these claims and the record, including the Butts County Superior Court≠s December 1, 2008 Order denying habeas relief, and finds that the state court clearly held these particular claims were procedurally defaulted.   Because Athe last state court to review the claim[s] clearly and expressly state[d] that its judgment rest[ed] on a procedural bar,@ this Court may not review the claims unless Petitioner, who bears the burden of overcoming the default, can establish cause and prejudice, or a miscarriage of justice.   *Hill,* 81 F.3d at 1022 (citing *Harris v. Reed*, 489 U.S. 255 (1989)); *Gordon*, 2 F.3d at 388 n.4.

Petitioner fails to specifically address any of the claims that the state habeas court found were procedurally defaulted.   He states, without further explanation, that his trial and appellate attorneys were ineffective and this should constitute cause to overcome the defaults.   It is true that ineffective assistance of counsel can constitute an Aexternal impediment@ satisfying the Acause@ requirement to overcome a default.   *Coleman v. Thompson*, 501 U.S. 722, 753-55 (1991).   Petitioner, unfortunately, fails to provide any details regarding this allegation.   Therefore, at this time, the Court finds that Petitioner has not established that his counsels' ineffectiveness constituted cause to overcome the

procedural defaults of the above-described claims.[1]   Likewise, Petitioner has failed to show actual prejudice.

Regarding the procedural default of his claims brought pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) (portions of Claim Two), Petitioner states that "whether there is cause and prejudice to overcome procedural default . . . turns on the merits of Petitioner's . . . *Brady* claims." (Pet'r Br. at 2, ECF No. 34).  It is clear that *Brady* claims can be procedurally defaulted and that the state habeas court held Petitioner's claims were so defaulted. *Strickler v. Greene*, 527 U.S. 263 (1999); (Resp't Ex. 107 at 5-6, ECF No. 19-10).   In accordance with the briefing schedule, this was Petitioner's opportunity to establish cause and prejudice to overcome this default.[2]   However, Petitioner explains that he "did not intentionally withhold any arguments" regarding cause and prejudice to overcome this default.   (Pet'r Br. at 2, ECF No. 34).   Instead, he explains that "[t]he issue of whether there is cause and prejudice to overcome procedural default [of his *Brady* claims] . . . turns on the merits of Petitioner's . . . *Brady* claims." (Pet'r Br. at 2, ECF No. 34).

The underlying *Brady* claims and the cause and prejudice analysis necessary to

---

[1]The Court assumes that Petitioner plans to address his ineffective assistance of counsel claims on the merits in his final merits brief that will be submitted in accordance with the February 25, 2011 Scheduling Order.   Therefore, after reviewing those briefs, the Court will determine if it must reconsider any of its findings that Petitioner failed to establish cause for the procedural defaults

[2]The parties consented to and requested "separate briefing of procedural issues and the final merits." (Unopposed Mot. for Scheduling Order and Proposed Order at 2, ECF No. 23). Therefore, Petitioner should certainly be aware that this was his opportunity to present any argument he has regarding procedural default.

overcome procedural default are coextensive.   The United States Supreme Court has

explained as follows:

> *Brady*, we reiterate, held that "the suppression by the prosecution of
> evidence favorable to an accused upon request violates due process where the
> evidence is material either to guilt or to punishment, irrespective of the good
> faith or bad faith of the prosecution." . . . [T]he three components or essential
> elements of a *Brady* prosecutorial misconduct claim [are]: "The evidence at
> issue must be favorable to the accused, either because it is exculpatory, or
> because it is impeaching; that evidence must have been suppressed by the
> State, either willfully or inadvertently; and prejudice must have ensued."
> "[C]ause and prejudice" in this case "parallel two of the three components of
> the alleged *Brady* violation itself." Corresponding to the second *Brady*
> component (evidence suppressed by the State), a petitioner shows "cause"
> when the reason for his failure to develop facts in state-court proceedings was
> the State's suppression of the relevant evidence; coincident with the third
> *Brady* component (prejudice), prejudice within the compass of the "cause and
> prejudice" requirement exists when the suppressed evidence is "material" for
> *Brady* purposes. . . . Thus, if [a petitioner] succeeds in demonstrating "cause
> and prejudice," he will at the same time succeed in establishing the elements
> of his . . . *Brady* . . . claim.

*Banks v. Dretke*, 540 U.S. 668, 691 (2004) (citations omitted);

Because the elements of the underlying *Brady* claim and the analysis necessary to

satisfy the cause-and-prejudice test to overcome procedural default are identical, Petitioner

apparently thought it appropriate to wait until the merits briefing to address the issue.

Respondent requests the Court to "deny any request to argue or brief these claims at a later

date." (Resp't Br. at 14, ECF No. 30).   Because the parties specifically requested to brief

the issues of procedural default and cause and prejudice before addressing the merits, the

Court is reluctant to allow any future argument on this issue.   However, given the serious

nature of these proceedings, and given the coextensive nature of the underlying ***Brady*** claims and the cause and prejudice analysis, the Court will allow Petitioner to address the issues in his final merits brief.

## III. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has withdrawn all of the claims that Respondent alleges are not exhausted, except for portions of Claims Three and Four. The portion of Claim Four in question was exhausted and may be reviewed by this Court under 28 U.S.C. § 2254(d). The portion of Claim Three is procedurally defaulted. Similarly, all of the Claims set forth on page 8-9 of this Order are procedurally defaulted and, at this stage in the litigation, Petitioner has not established any applicable exception to excuse the defaults.

In submitting future briefs to the Court, the parties are to adhere to the briefing schedule announced in the February 25, 2011 Scheduling Order. (ECF No. 24).

**SO ORDERED**, this 18th day of August 2011.


S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


lnb