IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KEITH THARPE, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO. 5:10-CV-433 (CAR) |
| Warden, CARL HUMPHREY, | : | |
| | : | |
| Respondent | : | |

## ORDER

The Scheduling Order entered in this case provided as follows:

Should the Court grant an evidentiary hearing, the parties will proceed upon a schedule provided by the Court.  At the completion of the evidentiary hearing, or within 30 days from the date of the order denying the evidentiary hearing, the parties shall reconvene to:  (1) determine the status of *Hill*[1]; (2) submit to the Court any motions to hold the case in abeyance that they deem necessary[2];  and (3) set forth a reasonable schedule for the final merits briefing.

(ECF No. 24).

On April 5, 2012, the Court denied Petitioner's motion for an evidentiary hearing.

Therefore, the parties had 30 days from that date to determine the state of *Hill*, submit any motions

to hold the case is abeyance, and set for a schedule for the final merits briefing.

---

[1] *Hill v. Humphrey*, 662 F.3d 1335 (2011) (en banc).  The United States District Court for the Middle District of Georgia found that Georgia's standard of proof for mental retardation claims was not contrary to, nor did it involve an unreasonable application of, Supreme Court precedent and denied Hill's 28 U.S.C. § 2254 petition.  *Hill v. Terry*, No. 1:04-CV-151 (WLS), 2006 U.S. Dist. LEXIS 74723 (M. D. Ga. October 13, 2006).  The Eleventh Circuit reversed this ruling.  *Hill v. Schofield*, 608 F.3d 1272 (2010).  The panel's opinion was then vacated and the Eleventh Circuit granted a rehearing en banc.  *Hill v. Schofield*, 625 F.3d 1313 (2010).  The Eleventh Circuit, en banc, affirmed the district court's order and denied Hill's 28 U.S.C. § 2254 petition.  *Hill v. Humphrey*, 662 F.3d 1335 (11th Cir. 2011) (en banc).  A review of the docket at www.supremecourt.gov shows that Hill has filed a petition for writ of certiorari with the United States Supreme Court and Respondent has filed a brief in opposition. *Hill v. Humphrey*, No. 11-10109.  Apparently the petition is still pending.

[2] The parties were instructed that any such motion should include citation to authority that allows this Court to hold the matter in abeyance if the United States Court of Appeals for the Eleventh Circuit has already issued its opinion and *Hill* (either the petition for certiorari or the case itself) is pending in the Supreme Court of the United States.

The Court has received nothing from the parties and it desires to move this case forward. The Court has found no authority for holding the case in abeyance pending the United States Supreme Court's decision.  In fact, it appears that the Eleventh Circuit Court of Appeals has looked upon similar stays with disfavor.  *See Lawrence v. Florida*, 421 F.3d 1221, 1224 n.1 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007).   In *Lawrence,* the Court called a stay pending certiorari determination a "needless delay" and stated that such stays injure "the State because the State has a substantial interest in the finality of criminal proceedings."  *Id*.   The Court explained that "[e]ach delay, for its span, is a commutation of a death sentence to one of imprisonment.  *Id*. (quoting *Thompson v. Wainwright*, 714 F.2d 1495, 1506 (11th Cir. 1983).

Therefore, the Court finds that Petitioner should submit his final merits brief within 60 days from the date of this Order. Petitioner should brief all issues that he wishes this Court to consider and any issue not briefed will be deemed abandoned.

Respondent has 60 days from the date Petitioner files his brief to submit his Response.

Petitioner has 30 days to file a Reply.

**SO ORDERED**, this 18th day of May, 2012.


S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


lnb